IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAFAA AL-ZERJAWI., | CASE NO. 5:21-CV-02182-BYP |
| Petitioner, | JUDGE BENITA Y. PEARSON <br> UNITED STATES DISTRICT JUDGE |
| v. | |
| WARDEN TIM McCONAHAY, | MAGISTRATE JUDGE <br> JENNIFER DOWDELL <br> ARMSTRONG |
| Defendant. | **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Petitioner, Safaa Al-Zerjawi ("Mr. Al-Zerjawi") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Judge Benita Y. Pearson referred this matter to me under Local Rule 72.2 to prepare a report and recommendation on Mr. Al-Zerjawi's petition and other case-dispositive motions. (*See* ECF non-document entry dated September 2, 2022).

Currently before me is Mr. Al-Zerjawi's motion for summary judgment. (ECF No. 24). Respondent, Warden Tim McConahay ("Warden"), opposes the motion. For the reasons set forth below, I RECOMMEND that the Court DENY Mr. Al-Zerjawi's motion for summary judgment.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. State Court Proceedings

On February 5, 2007, Mr. Al-Zerjawi pled guilty in the Summit County Court of Common Pleas to two counts of attempted murder with two firearm specifications; one count of kidnapping with a firearm specification; one count of felonious assault; one count of abduction; one count of having weapons under a disability; two counts of domestic violence; and one count of violating a protection

1

order. (ECF No. 6-1, Exhibit 9). The trial court merged the three firearm specifications and ordered that Mr. Al-Zerjawi would serve a sentence of seven years on the firearm specification. The trial court also sentenced Mr. Al-Zerjawi to five years on each of the two attempted murder counts (Counts One and Two), three years on the kidnapping count (Count Five), five years on the felonious assault count (Count Seven), one year on the abduction count (Count Eight), three years on the having weapons under disability count (Count Nine), six months on each of the domestic violence counts (Counts Ten and Eleven), and six months on the violating a protection order count (Count Fourteen). *Id*.

The trial ordered that Mr. Al-Zerjawi would serve the seven-year sentence for the firearm specification consecutively to the sentences imposed in Counts One and Two. The trial court also ordered that Mr. Al-Zerjawi would serve his sentence for Count One (attempted murder) concurrently with his sentences for the kidnapping, felonious assault, abduction, having weapons under a disability, domestic violence, and violating a protective order counts. The trial court's sentencing order did not expressly state whether Mr. Al-Zerjawi would serve his sentence for the two attempted murder counts consecutively to or concurrently with each other.

On August 19, 2014, Mr. Al-Zerjawi filed a motion for judicial release in the trial court. (ECF No. 6-1, Exhibit 10). In the motion, Mr. Al-Zerjawi argued that he had completed the mandatory portion of his sentence and asked the court to release him subject to appropriate community control sanctions. *Id*. On August 28, 2014, the trial court denied Mr. Al-Zerjawi's motion for judicial release. (ECF No. 6-1, Exhibit 11).

On April 10, 2015, the trial court issued a *nunc pro tunc* order modifying the original February 5, 2007 sentencing entry to provide that the sentences for the two attempted murder counts (Counts One and Two) would run consecutively to each other, resulting in a total prison sentence of 17 years, versus a total sentence of 12 years if the sentences on Counts One and Two were to run concurrently. (ECF No. 6-1, Exhibit 12). The order was entered by a different judge than the judge who had issued

the original sentencing order. Mr. Al-Zerjawi asserts that he was given no notice that the original sentencing entry would be amended and that no hearing was held.

On October 17, 2019, Mr. Al-Zerjawi filed a motion to vacate the trial court's April 10, 2015 *nunc pro tunc* order. (ECF No. 6-1, Exhibit 15). In the motion, Mr. Al-Zerjawi argued that the trial court lacked authority to *sua sponte* modify his original sentence after the fact. *Id*. On February 10, 2020, the trial court denied Mr. Al-Zerjawi's motion, holding that the April 10, 2015 order constituted a "proper correction" to the original sentencing order pursuant to Ohio Crim.R. 36. (ECF No. 6-1, Exhibit 18). That ruling was issued by a different judge than the two judges who had issued the original sentencing order and the April 10, 2015 *nunc pro tunc* order.

On February 25, 2020, Mr. Al-Zerjawi filed a notice of appeal from the trial court's April 10, 2015 *nunc pro tunc* order. (ECF No. 6-1, Exhibit 19). On the same day, Mr. Al-Zerjawi filed a motion for leave to file a delayed appeal. (ECF No. 6-1, Exhibit 20). Also on February 25, 2020, Mr. Al-Zerjawi filed a notice of appeal from the trial court's February 10, 2020 order denying his motion to vacate the April 10, 2015 order. (ECF No. 6-1, Exhibit 21). On April 1, 2020, the Ninth District Court of Appeals granted Mr. Al-Zerjawi's motion for leave to file a delayed appeal, consolidated his two appeals, and appointed counsel for Mr. Al-Zerjawi. (ECF No. 6-1, Exhibit 31).

On June 30, 2021, the Ninth Appellate District affirmed the trial court. (ECF No. 6-1, Exhibit 34). The Ninth Appellate District held that the trial court had originally sentenced Mr. Al-Zerjawi to consecutive sentences on Counts One and Two because Ohio law at the time contained a common-law presumption of consecutive sentences such that the order's silence regarding whether Counts One and Two should be served consecutively or concurrently meant that they were to be served consecutively. *Id*. at ¶¶ 10-11.

On August 9, 2021, Mr. Al-Zerjawi, acting *pro se*, filed a notice of appeal to the Ohio Supreme Court. (ECF No. 6-1, Exhibit 35). In his appeal to the Ohio Supreme Court, Mr. Al-Zerjawi raised for

the first time an argument that his appellate counsel was ineffective in failing to argue that the *nunc pro tunc* order violated his due process rights. (ECF No. 6-1, Exhibit 36). On September 28, 2021, the Ohio Supreme Court declined to accept jurisdiction of Mr. Al-Zerjawi's appeal. (ECF No. 6-1, Exhibit 38).

### B. Federal Habeas Proceedings

On November 16, 2021, Mr. Al-Zerjawi, acting *pro se*, filed his 28 U.S.C. § 2254 habeas petition. (ECF No. 1). Mr. Al-Zerjawi's petition raises two grounds for relief: (1) that the trial court and appellate court erred determining that the trial court properly issued the April 10, 2015 *nunc pro tunc* sentencing entry, which Mr. Al-Zerjawi argues violated the Fifth Amendment, including the Double Jeopardy Clause; and (2) that his appellate counsel provided ineffective assistance of counsel in failing to argue that Mr. Al-Zerjawi had an expectation of finality of his sentence and that the *nunc pro tunc* order violated his due process rights. *Id*. The Warden filed an answer/return of writ on January 18, 2022 (ECF No. 6), and Mr. Al-Zerjawi filed a traverse on April 21, 2022 (ECF No. 14). The Warden filed a reply to Mr. Al-Zerjawi's traverse on April 28, 2022. (ECF No. 15).

On May 22, 2023, Mr. Al-Zerjawi filed a motion for summary judgment. (ECF No. 24). In his motion, Mr. Al-Zerjawi argues that he is entitled to summary judgment because the undisputed facts establish that the trial court entered the *nunc pro tunc* order outside of his presence and in contravention of the U.S. Constitution and Ohio law. The Warden filed a response to Mr. Al-Zerjawi's motion for summary judgment on June 2, 2023, arguing that Mr. Al-Zerjawi was not entitled to summary judgment because: (1) his claims are not cognizable in a federal habeas proceeding to the extent they relate solely to questions of state law; (2) he failed to exhaust and/or procedurally defaulted on his claims; and (3) his claims failed on the merits. (ECF No. 25).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

### IV.    ANALYSIS

Mr. Al-Zerjawi argues that he is entitled to summary judgment because the undisputed facts establish that the trial court's April 10, 2015 *nunc pro tunc* order increased his sentence from 12 years to 17 years without providing him notice and in violation of the U.S. Constitution and Ohio law. The Warden responds that Mr. Al-Zerjawi has not met his burden at summary judgment because: (1) his claims are non-cognizable in a federal habeas proceeding to the extent they are based solely on violations of state law; (2) he failed to exhaust and/or procedurally defaulted his claims; and (3) his claims fail on the merits. I conclude that the Warden's arguments are well-taken and that Mr. Al-

Zerjawi has not met his summary judgment burden.

As an initial matter, I agree with the Warden that, to the extent Mr. Al-Zerjawi is challenging whether the Ohio courts violated Ohio law, he has not established that his claim is cognizable in a federal habeas proceeding. Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Glaze v. Morgan,* No. 1:19-CV-02974, 2022 WL 467980, at *4 (N.D. Ohio Jan. 18, 2022) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). "[E]rrors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)). Accordingly, to the extent Mr. Al-Zerjawi argues that the Ohio courts violated Ohio law, he is not entitled to summary judgment on that basis.

I also agree with the Warden that Mr. Al-Zerjawi is not entitled to summary judgment because he has not established that he exhausted or fairly presented his claims to the Ohio courts. State prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. *See* 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. A claim is fairly presented when it has been

6

asserted as a federal constitutional issue at every stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

Here, as the Warden notes, Mr. Al-Zerjawi presented an ineffective assistance of appellate counsel claim in his memorandum in support of jurisdiction to the Ohio Supreme Court. (ECF No. 6-1, Exhibit 36). That is the only manner in which Mr. Al-Zerjawi raised an ineffective assistance of appellate counsel claim. He did not file a motion in the Ninth Appellate District for leave to reopen his appeal under Ohio Appellate Rule 26(B), the alternative method through which Ohio defendants can raise an ineffective assistance of appellate counsel claim. *See* Ohio Appellate Rule 26(B)(1); *Goldberg v. Maloney*, 692 F.3d 534, 537 (6th Cir. 2012) (noting that Rule 26(B) "offers defendants 'a separate collateral opportunity' to raise ineffective assistance claims subsequent to a direct appeal") (quoting *Morgan v. Eads*, 104 Ohio St. 3d 142, 143 (2004)).

The Ohio Supreme Court declined to exercise jurisdiction over Mr. Al-Zerjawi's appeal without addressing the merits of his ineffective assistance of appellate counsel claim. (ECF No. 6-1, Exhibit 38). As the Warden correctly notes, the Sixth Circuit has held that "raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through Ohio Appellate Rule 26(B), does not satisfy the exhaustion requirement unless the Ohio Supreme Court addresses the issue on the merits." *See Goldberg*, 692 F.3d at 537-38). Because Mr. Al-Zerjawi did not file a Rule 26(B) application and because the Ohio Supreme Court did not address the merits of his ineffective assistance claim, Mr. Al-Zerjawi has not established that he exhausted his ineffective assistance of appellate counsel claim and is therefore not entitled to summary judgment on that claim.

As the Warden also argues, while Mr. Al-Zerjawi did challenge the trial court's entry of the *nunc pro tunc* order at all levels of the state court appeal process, he presented his challenge as a question of Ohio procedure, rather than federal constitutional law. In particular, Mr. Al-Zerjawi argued

that the trial court's *nunc pro tunc* order was not proper under Ohio Crim.R. 36 because the *nunc pro tunc* order did not fix a clerical error but instead substantively changed his sentence to effectuate the trial court's purported "intent" in issuing the original sentencing order. (ECF No. 6-1, Exhibit 32). Mr. Al-Zerjawi also argued that there was a statutory presumption under Ohio law in favor of concurrent sentences for most felony offenses. *Id*. Mr. Al-Zerjawi thus has not shown that he fairly presented his claim as a federal constitutional question at all stages of the state review process and is not entitled to summary judgment.

Finally, I agree with the Warden that Mr. Al-Zerjawi has not established as a matter of law that his constitutional rights were violated such that he is entitled to habeas relief. In his motion for summary judgment, Mr. Al-Zerjawi does not make any argument whatsoever with respect to his ineffective assistance of counsel claim, let alone cite to undisputed facts establishing that he received constitutionally ineffective assistance of counsel. And, while Mr. Al-Zerjawi does cite to *United States v. Benz*, 282 U.S. 304 (1931), for the proposition that it is a violation of the Double Jeopardy Clause to increase a defendant's sentence after judgment, he fails to establish as a matter of law that the Ohio courts improperly increased his sentence after judgment here. Rather, the Ninth Appellate District held that Mr. Al-Zerjawi's sentences on Counts One and Two were to be served consecutively as a result of his initial sentencing order given the presumption in favor of consecutive sentences that existed in Ohio law at the time of Mr. Al-Zerjawi's sentence. The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curium). I therefore conclude that Mr. Al-Zerjawi has not satisfied his burden of establishing that he is entitled to summary judgment.

V. **RECOMMENDATION**

Based on the foregoing, I RECOMMEND that the Court DENY Mr. Al-Zerjawi's motion

for summary judgment.

Dated: December 15, 2023                                *s/ Jennifer Dowdell Armstrong*
                                                          Jennifer Dowdell Armstrong
                                                          U.S. Magistrate Judge

### VI.     NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and

recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).