PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAFAA AL-ZERJAWI, | ) | |
| | ) | CASE NO. 5:21CV2182 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TIM McCONAHAY, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

  *Pro Se* Petitioner Safaa Al-Zerjawi filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging two (2) grounds for relief which challenge the constitutional sufficiency of his conviction and sentence in Summit County, Ohio Court of Common Pleas Case No. CR-2006-07-2714. Petitioner was found guilty of two counts of attempted murder that were each accompanied by a firearm specification, one count of kidnapping with a firearm specification, one count of felonious assault, one count of abduction, one count of having weapons while under disability, two counts of domestic violence, and one count of violating a protection order. He was sentenced to a 17-year term of imprisonment. The

(5:21CV2182)

case was referred to a magistrate judge[1] for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  On June 27, 2024, the magistrate judge issued a Report & Recommendation (ECF No. 30).  In her Report, the magistrate judge recommends that the habeas petition be dismissed and/or denied.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service.  Objections to the Report were, therefore, due on July 15, 2024.[2]  Neither party has timely filed objections.  Therefore, the Court must assume that the parties are satisfied with the magistrate judge's recommendations.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report & Recommendation of the magistrate judge is hereby adopted.  Safaa Al-Zerjawi's Petition for a Writ of Habeas Corpus will be dismissed.

---

[1] The Court referred the case to Magistrate Judge William H. Baughman, Jr.  On September 2, 2022, the case was reassigned from Magistrate Judge Baughman (retired) to Magistrate Judge Jennifer Dowdell Armstrong pursuant to General Order 2022-14.

[2] Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time period because Petitioner was served a copy of the Report by mail.  *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002).  The Court has accounted for those three days, as well as additional time for any mailed objection to reach the Court, before issuing this Order.

(5:21CV2182)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[3]

IT IS SO ORDERED.

July 29, 2024  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
United States District Judge

---

[3] Plaintiff has failed to provide the Court with his current address since leaving the Seneca County Jail. *See* Address Change Notice (ECF No. 26); Returned Mail (ECF No. 29); Non-document Order dated April 16, 2024. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him")).